UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

ENRIQUE MADRINAN,

        Plaintiff,

v.

MEXICAN GASTRONOMY
INTERNATIONAL, LLC.
d/b/a CANTINA LA VEINTE and
GASTRONOMY REAL ESTATE
HOLDINGS, LLC,

        Defendants.
_____/

## COMPLAINT

Plaintiff, ENRIQUE MADRINAN, (hereinafter "Plaintiff") by his undersigned, hereby files this Complaint and sues, MEXICAN GASTRONOMY INTERNATIONAL, LLC. d/b/a CANTINA LA VEINTE and GASTRONOMY REAL ESTATE HOLDINGS, LLC (hereinafter "Defendants") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., and 42 U.S.C. §12131-12134 (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), the Florida Americans With Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction[1] (hereinafter collectively referred to as "FACBC").

## JURISDICTION

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331

---

[1] Florida Statutes §§ 553.501 through 553.513 and Florida Building Code Chapter 11.

1

and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2. This Court also has pendant jurisdiction over all State law claims pursuant to Title 28 U.S.C. § 1367(a).

3. Venue in this district is proper under Title 28 U.S.C. § 1391, since all acts or omissions giving rise to this action occurred in the Southern District of Florida, Miami Dade County, Florida, and the subject Premises is located in Miami Dade County, Florida.

## PARTIES

4. Plaintiff, Enrique Madrinan, is a resident of the State of Florida, is *sui juris*, and is a qualified individual under the ADA and the FACBC who has been intentionally denied access to the Subject Premises as set forth more fully herein, and who will continue to be intentionally denied such access without the injunctive relief requested herein.

5. Plaintiff Madrinan is limited in one or more major life activities, as a result of a severe spinal cord injury which requires him to use a wheelchair to ambulate and who retains limited manual dexterity.

6. Mr. Madrinan is a father, college graduate and professional who frequently travels locally and internationally, dines out often in his personal and professional capacities, and is also an actively social, fiercely independent, highly educated, professionally licensed individual.

7. Mr. Madrinan visited the CANTINA LA VEINTE, the property which forms the basis of this lawsuit, on October 11, 2019, but was unable to access bar counter within the facility.[1]

8. Mr. Madrinan, a resident of South Florida who resides lives in proximity to the

---

[1] The Plaintiff has been to this property on more than one occasion.

restaurant, will return to the subject premises once the architectural barriers to access and discriminatory policies and procedures violating the ADA and the FACBC are no longer present.

9. Similar to most able-bodied patrons, Mr. Madrinan and looks forward to revisiting the facility to partake in the full and equal enjoyment of the amenities, goods, services, facilities, privileges, advantages and accommodations offered to the general public by this facility. However, Plaintiff, Madrinan, is deterred from returning so long as the discriminatory barriers and policies described herein continue to exist at the Premises.

10. The facility is in an area frequently traveled by Plaintiff.

11. Mr. Madrinan has his own vehicle and does drive. He has visited the property, which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. His access to the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth in the Complaint.

12. Independent of his personal desire to have access to this place of public accommodation free of illegal barriers to access Plaintiff is an advocate of the rights of similarly situated disabled persons and an advocate of asserting his civil rights. In this instance, Plaintiff, in Plaintiff's individual capacity has visited the Premises, encountered barriers to access at the Premises, engaged and tested those barriers, suffered legal harm and legal injury and will continue to suffer such harm and injury as a result of the illegal barriers to access and the violations of the ADA set forth herein. It is Plaintiff's belief that said violations will not be

corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

13. Defendant, MEXICAN GASTRONOMY INTERNATIONAL, LLC. d/b/a CANTINA LA VEINTE transacts business in the State of Florida and within this judicial district. Defendant is the owner and/or representative of the owners of the Restaurant, which is the subject of this action, located on or about located within the Icon at 495 Brickell Ave, Miami, FL 33131. (hereinafter the "Facility").

14. Defendant, GASTRONOMY REAL ESTATE HOLDINGS, LLC transacts business in the State of Florida and within this judicial district. Defendant is the owner and/or representative of the owners of the property which is the subject of this action, located on or about located within the Icon at 495 Brickell Ave, Miami, FL 33131. (hereinafter the "Facility").

15. Cantina la Veinte opened for business in June 2014.

16. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans With Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA (hereinafter "STANDARDS"). Public accommodations were required to conform to these regulations on or before March 15, 2012.[2]

17. Pursuant to 28 CFR part 36.406(a)(3) this facility was required to provide an accessible bar counter and accessible table seating spaces consistent with 2010 Standard § 902.

18. Pursuant to 28 CFR § 36.401(a), the facility was required to provide an accessible

---

[2] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specifications for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

4

forward approach to a designed-integrated lowered section of any and all bar counters to be accessible in relation to the respective total number of standing and seating spaces at the bars as of the date of first occupancy and otherwise fully comply with 2010 ADA Standard § 902, 904, 305 and 306.

19. The 2010 ADA Standards have been fully noticed, are readily available and easily referenced at 36 CFR § 1191, *et seq.*, and consist of the 2004 ADAAG and the requirements contained in subpart D of 28 CFR part 36.

20. Pursuant to 28 CFR part 36.406(a)(3), this facility is required to comply with the 2010 ADA Standards of the date when the last application for a building permit or permit extension is certified to be complete by a State, county, or local government (or, in those jurisdictions where the government does not certify completion of applications, if the date when the last application for a building permit or permit extension is received by the State, county, or local government) is on or after March 15, 2012, or if no permit is required, if the start of physical construction or alterations occurs on or after March 15, 2012.

21. Defendants knew or should have known that the common seating design modules and schemes approved and used by Defendants fail to provide adequate and sufficient accessible seating within all areas of the facility.

22. Plaintiff alleges that Defendants uniformly approved the use of these unlawful design modules/schemes at their facility's bar counters intentionally disregarding the accessibility requirements of the ADA.

23. Plaintiff alleges that Defendants approved and utilized these inaccessible modular structures to ensure uniformity of design, feel and functionality at its location which purposely exclude individuals who require a wheelchair to ambulate, including the instant Plaintiff.

24. Plaintiff further alleges that Defendants' in-house design committee approved the use of the inaccessible common design of the seating with deliberate and indifference to, and disregard for, Plaintiff and those similarly situated.

25. Plaintiff further alleges that Defendants' in-house design committees uniformly created a policy of using inaccessible tables and bars throughout this facility, thereby further serving to isolate Plaintiffs, both physically and emotionally, and denying them the full enjoyment of the amenities, services, privileges, activities and accommodations of the facility.

26. As a result, and for additional reasons set forth herein, it cannot reasonably be denied that the Defendant has intentionally discriminated against these Plaintiffs and all those similarly situated.

27. The egregiousness of Defendants' offending conduct, including the existence of discriminatory policies and procedures, combined with denying access to individuals with disabilities such as the Plaintiffs and others similarly situated, compel this Court to retain continuing jurisdiction and oversight over this action until it is absolutely clear the offending conduct set forth herein cannot reasonably be repeated and Defendants be allowed to return to their discriminatory ways, including re-implementing discriminatory policies and procedures.

28. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is structurally practicable. 42 U.S.C. §12183(a)(1).

29. The Defendants' facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

30. In this instance, on October 11, 2019, Mr. Madrinan visited the facility and

encountered barriers to access at the facility, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendants' ADA violations set forth herein.

31. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the facility and the actions or inactions described herein.

32. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

### FACTUAL ALLEGATIONS AND CLAIM

33. Mr. Madrinan has attempted to and has, to the extent possible, accessed the facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

34. Mr. Madrinan intends to visit the facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

35. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*,

and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

36. Defendants have discriminated against Mr. Madrinan by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility include:

### MAIN FLOOR BAR & DINING AREAS

i. There are no accessible seating spaces at the main bar counter.
ii. There are no accessible tables near the main bar counter.
iii. There are no accessible seating spaces within the dining room in relation to the total number of seating spaces otherwise available to able-bodied patrons.

### DOWNSTAIRS/WATERFRONT DINING & BAR AREAS

iv. There are no accessible seating spaces at the downstairs, main bar counter.
v. There are no accessible seating spaces within the the downstairs dining room due to the table design modules, and in relation to the total number of seating spaces otherwise available to able-bodied patrons.
vi. There is no signage advising of the accessible route to the to the lower/waterfront dining are.

37. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility in order to determine all of the discriminatory acts violating the ADA.

38. Mr. Madrinan has attempted to gain access to the facility, but because of his

disability has been denied access to, and has been denied the benefits of services, programs, and activities of the facility, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

39. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

40. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

41. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

42. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject facility to make it

readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

          Respectfully submitted,

          *s/ Lauren Wassenberg*
          LAUREN WASSENBERG, ESQ.
          *Attorney for Plaintiff*
          Florida Bar No. 34083
          1825 NW Corporate Blvd, Suite 110
          Boca Raton, Florida 33431
          WASSENBERGL@GMAIL.COM

          s/ Glenn Goldstein
          Glenn Goldstein, Esq.
          150 SE 2nd Ave Ste 805
          Miami, FL 33131-1574
          Fl Bar No.: 55873
          Primary: ggoldstein@g2legal.net
          Secondary: ADALawStaff@gmail.com